PHILLIP A. TALBERT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:17-MC-00161-TLN-AC |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $40,350.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On or May 10, 2017, agents with the United States Postal Inspection Service ("USPIS") seized approximately $40,350.00 in U.S. Currency ("the defendant currency") during a parcel interdiction at the Processing and Distribution Center located in West Sacramento, California.

2. USPIS commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about July 28, 2017, USPIS received a claim from NSYDE Motorsports, LLC ("NSYDE") asserting an ownership interest in the defendant currency.

3. The United States represents that it could show at a forfeiture trial that on May 10, 2017, USPIS conducted a parcel interdiction at the Processing and Distribution Center located at 3775 Industrial Boulevard, West Sacramento, California. During the interdiction, law enforcement officials identified a parcel that bore markers consistent with parcels used for shipping contraband. The

1

package was addressed to Ving Hoang ("Hoang"), 8109 Spengler Drive, Sacramento, California, 95828, with the following return address of NSYDE Motorsports, 820 Reynolds Ave., Columbus, Ohio, 73201.

4. The United States represents that it could further show at a forfeiture trial that law enforcement officials went to the address for recipient Hoang but no one answered the door. Law enforcement officials left a notice for Hoang and later in the day, inspectors received a phone call from Hoang. Hoang told law enforcement officials he was expecting a parcel and said the parcel contained gifts for his family and books. Law enforcement officials told Hoang that the parcel was flagged for security purposes and was asked for consent to open the package. Hoang consented to open the parcel and the law enforcement officials told him they found the defendant currency and suspected the cash was drug proceeds. Hoang denied the money was drug proceeds and changed his story and said the money was from the sale of a 1969 Chevrolet Camaro.

5. The United States represents that it could further show at a forfeiture trial that Hoang told law enforcement officials he advertised the vehicle on Craigslist and described the vehicle as blue in color with 29,000 miles on it and with California license plate number 7BDY083. Hoang said he was asking $42,000 for the Camaro but did not know how much money was in the parcel. Hoang did not know how he was going to ship the Camaro to Ohio and did not want to provide the buyer's name.

6. The United States represents that it could further show at a forfeiture trial that law enforcement officials ran the California license plate number given by Hoang and noted that it was not registered to Hoang and the make of the vehicle with that license plate number was a Mercedes Benz with 46,821 miles. Law enforcement officials never received a call from the sender of the money and law enforcement officials were unable to locate a phone number for the sender.

7. The United States represents that it could further show at a forfeiture trial that the parcel was presented to a drug detection dog, who positively alerted to the presence of the odor of narcotics.

8. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

9. Without admitting the truth of the factual assertions contained in this stipulation,

potential claimant NSYDE specifically denies the same, and for the purpose of reaching an amicable resolution and compromise of this matter, potential claimant NSYDE agrees that an adequate factual basis exists to support forfeiture of the defendant currency. NSYDE hereby acknowledges that it is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, potential claimant NSYDE shall hold harmless and indemnify the United States, as set forth below.

10. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

11. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

12. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of the Consent Judgment of Forfeiture, $30,350.00 of the Approximately $40,350.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3. Upon entry of the Consent Judgment of Forfeiture, but no later than 60 days thereafter, $10,000.00 of the Approximately $40,350.00 in U.S. Currency shall be returned to potential claimant NSYDE Motorsports, LLC through its attorney Paul E. Adamson.

4. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said

3

seizure or forfeiture, as well as to those now known or disclosed. Potential claimant NSYDE waives the provisions of California Civil Code § 1542.

5. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6. All parties will bear their own costs and attorney's fees.

7. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED.

Dated: December 11, 2017

_____
Troy L. Nunley
United States District Judge